## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## at LONDON

**Civil Action No. 07-352-HRW**

**KAREN MARTIN,**

**PLAINTIFF,**

v.          **MEMORANDUM OPINION AND ORDER**

## MICHAEL J. ASTRUE
## COMMISSIONER OF SOCIAL SECURITY,          **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges disability beginning on March 1, 2004, due to diabetes, neuropathy, migraines, numerous cysts, nerves and sinus surgery (Tr. 83).

This application  was denied initially and on reconsideration.

On October 27, 2006, an administrative hearing was conducted by Administrative Law Judge Frank Letchworth (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Jane Colvin Robinson, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On February 15, 2007, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-22).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 21).

The ALJ then determined, at Step 2, that Plaintiff's mild obesity, mild osteoarthritis of the cervical spine, degenerative disc disease of the lumbar spine. Depression and non-insulin dependent diabetes are "severe" within the meaning of the Regulations (Tr. 21).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 21).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 22) but determined that she has the residual functional capacity ("RFC") to perform medium work with certain limitation as set forth in the decision (Tr. 22).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 22).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

3

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on August 5, 2007 (Tr.

5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the

Commissioner's decision.  Both parties have filed Motions for Summary Judgment

[Docket Nos. 10 and 11] and this matter is ripe for decision.

## III.  ANALYSIS

### A.     Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence.  "Substantial evidence" is defined as "such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion;" it is based on the record as a whole and must take into account

whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health

and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility."  *Bradley v. Secretary of Health and Human

Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.   Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ erred by accepting the opinions the state agency physicians because they did not review certain evidence which Plaintiff submitted at or after the administrative hearing.  Specifically, Plaintiff argues that the non-examining sources did not review the reports of Dr. William H. Brooks, the assessments of Dr. Raju N. Vora and the treatment notes from the Cumberland River Comprehensive Care Center ("CRCCC").

The Court first notes that although Plaintiff claims error, she makes minimal argument in support thereof.  " It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997)(citations omitted).  "It is not our function to craft an appellant's arguments".  *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993).   In this case, Plaintiff simply asserts that the conclusions of the state agency physicians would have been different had they reviewed the notes from Dr. Brooks, Dr. Vora and CRCCC.  However, she

does not explain how this evidence would have impacted their opinions and, in turn, the decision of the ALJ.   Nonetheless, the Court, having reviewed the briefs of the parties, as well as the record, finds Plaintiff's contention to be without merit

First, the ALJ did  not adopt the state agency physicians opinion in toto. Rather, the ALJ credited Plaintiff with severe impairments and went on formulate an RFC which includes limitations based upon those impairments .

With regard to Dr. Brooks, his findings were "within normal limits" (Tr. 368) and do not support functional limitation beyond that expressed in the RFC. Indeed, his notes are substantial evidence in support of the ALJ's decision.

Dr. Vora assessed both Plaintiff's physical as well as mental capacity. However, the ALJ did not accord great weight to either.   "In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's  impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record."20 C.F.R. § 416.927(d)(2).  *See also, Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

The ALJ found that that Dr. Vora's assessment of Plaintiff's physical functioning to be vague, with no mention of specific functional limitation. Further, the assessment was not based upon a recent examination by Dr. Vora,

whose most recent treatment notes are dated September 2005, more than a year prior to the assessment. Thus, the ALJ concluded that Dr. Vora's opinion as to Plaintiff's physical capacity was not entitled to deference. The Court agrees.

As for Dr. Vora's opinion regarding Plaintiff's mental capacity, it, too, does not warrant deference. Dr. Vora is not a mental health professional. Moreover, his "findings" are consistent with the opinions of the state agency physicians and the notes from CRCCC in that Dr. Vora rated Plaintiff's abilities as "good" or "fair" in most areas. Although Dr. Vora indicated that Plaintiff had "poor" or "seriously limited" ability in handling work stress and understanding complex instructions (Tr. 360-361), this limitation does not preclude all work activity, as Plaintiff seems to suggest. To the contrary, the VE testified that jobs exist which take into consideration this type of limitation (Tr. 415-416).

Given the lack of supporting medical data, the Court finds no error in the ALJ's rejection of Dr. Vora's opinions.

As for the notes from CRCCC, they do not support a finding of limitations in mental functioning beyond those set forth in the RFC. There was no diagnosis and mental status screening showed "marginal judgment" to be Plaintiff's only limitation (Tr. 354). Indeed, the records from CRCCC appear to support the ALJ's decision.

In this case, the ALJ, relying upon the medical evidence of record, credited Plaintiff with significant physical and mental limitations.   However, those limitations do not render one disabled in that there are thousands of jobs which Plaintiff can perform.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This **24** day of June, 2008.

_____
Henry R. Wilhoit, Jr. Senior Judge

8